UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| DAVID SYDNOR<br><br>Plaintiff<br><br>v. | ) | |
| | ) | Civil No. 6:23-CV-06081-SOH |
| CITY OF HOT SPRINGS, ARKANSAS<br>HARMONEY MORRISEY, CITY CLERK,<br>Officially & Individually<br>LT. JAMES ERIC STOCKWELL,<br>Officially & Individually<br>LANA KELLY, INTRACITY TRANSIT<br>MANAGER, Officially and Individually<br><br>Defendants | ) | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Comes now the Plaintiff, DAVID SYDNOR, by and through his attorneys, THE GRAHAM LAW FIRM, by James Lucas Graham, and for his Complaint alleges:

## I. PARTIES

1. Plaintiff, DAVID SYDNOR is a citizen of Garland County, Arkansas, and has resided in Garland County, Arkansas at all times relevant hereto.

2. Defendant, CITY OF HOT SPRINGS, is a First-Class City of the State of Arkansas, located in Garland County, Arkansas.

3. Defendant, HARMONY MORRISEY, in her official and individual capacities, was employed as the City Clerk of Hot Springs, Arkansas, at all times relevant hereto, and, upon information and belief, was also a resident of Garland County, Arkansas, at all times relevant hereto.

4. Defendant, JAMES ERIC STOCKWELL, in his official and individual capacities, was a Lieutenant employed by the Hot Springs Police Department at all times relevant hereto, and, upon information and belief, was also a resident of Garland County, Arkansas at all times relevant hereto.

5. Defendant, LANA KELLY, in her official and individual capacities, was an employee of the City of Hot Springs Itracity Transit at all times relevant hereto, and, upon information and belief, was also a resident of Garland County, Arkansas at all times relevant hereto.

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to the 14th Amendment of the United States Constitution, Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, 42 U.S. Code § 1983, and other statutory and common laws of Arkansas seeking such legal and equitable relief as may be appropriate against the Defendants.

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides this Court original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

Additionally, this Court has jurisdiction over Plaintiff's claims under the statutory and common laws of Arkansas pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367.

8. The events giving rise to this action occurred in Garland County, Arkansas. As such, in accordance with the provisions of 28 U.S.C. § 1391(b), venue is proper.

## III. FACTUAL ALLEGATIONS

9. Plaintiff, DAVID SYDNOR, has worked in the tourism industry for decades and formerly owned and operated a business in Memphis, TN, that conducted horse drawn carriage tours of the City of Memphis.

10. In or about the summer of 2019, Plaintiff developed a business plan to operate a 14- passenger electric party bike named "Bubbles" (hereinafter Bubbles) in the City of Hot Springs to provide customers with tours of the City and serve passengers carbonated flavors of Hot Springs' famous waters.

11. According to Hot Spring Ordinance § 13-1-3(u), Bubbles qualifies as a Specialty Transit Vehicle and is exempt from Hot Springs Article II requirements, codified at § 13-1-11, et. seq. An example of other vehicles that operate in the CITY OF HOT SPRINGS that qualify as Specialty Transit Vehicles include carriages, pedicabs, and the mule-trolly of old.

12. In or about August of 2023, Plaintiff completed and filed all necessary paperwork to obtain a permit to operate Bubbles on Hot Springs city streets, and a public hearing was scheduled before the Hot Springs Transportation Authority Commission (hereinafter TAC) to be held on September 18, 2019.

13. On September 18, 2019, the TAC held two separate votes, one on Plaintiff's Downtown tour route, and a separate vote on Plaintiff's Greenway tour route. Both routes were unanimously approved by the TAC. (See TAC minutes attached hereto as Exhibit "A" and incorporated by reference herein). However, the Greenway tour route also fell under the purview of the Hot Springs Parks and Trails Committee and said committee subsequently denied the Greenway route, but the TAC's approval of the Downtown tour route stood.

14. Upon receiving TAC approval Plaintiff should have been allowed to operate immediately once he passed a vehicle inspection and obtained an Annual Vehicle License.

15. Based on the September 18, 2019, approval, Plaintiff purchased Bubbles, paid to have Bubbles modified, built a garage to house Bubbles, and incurred numerous additional costs and expenses exceeding $80,000.00 in total.

16. On or about November 5, 2019, Plaintiff, DAVID SYDNOR, was contacted by Defendant, LANA KELLY. Defendant, LANA KELLY, informed Plaintiff that he would be cleared to operate Bubbles in Hot Springs, Arkansas, as

soon as he obtained Arkansas Department of Transportation (hereinafter ARDOT) approval to operate on Central Avenue. Defendant, LANA KELLY, then proceeded to schedule a December 3, 2019, hearing before the Board of Directors to finalize Plaintiff's operation permit. However, said December 3, 2019, hearing did not occur because Plaintiff was not able to obtain ARDOT approval prior to said hearing.

17. On or about March 15, 2020, two officers from the Hot Springs Police Department arrived at Plaintiff's residence to conduct the Vehicle Inspection. Said officers informed Plaintiff that Bubbles was missing a logo and would be approved once Plaintiff placed a business logo on the vehicle.

18. Plaintiff installed a logo on Bubbles on or about March 16, 2020, and contacted the Hot Springs Police Department to send an officer out to complete Bubbles' vehicle inspection.

19. On or about June 15, 2020, Defendant, JAMES ERIC STOCKWELL, in the course of his employment with the Hot Springs Police Department, arrived at Plaintiff's residence to finalize the March 15, 2020, vehicle inspection. However, STOCKWELL postponed completion of the exam a second time and instructed Plaintiff that he had to have a vehicle stats plaque installed. Defendant, JAMES ERIC STOCKWELL, also banned Bubbles from operating on Central

Avenue due to Bubbles slow rate of speed, but indicated the remainder of Bubbles downtown route was acceptable.

20. On or about June 30, 2020, a separate Hot Springs Police Officer (Officer 144) arrived at Plaintiff's residence to complete Bubbles vehicle inspection, and, after said officer verified that Plaintiff had installed a vehicle stats plaque containing the vehicle ID number, engine wattage, and class (Specialty Transit), Bubbles passed the inspection and was issued an Annual Vehicle License. (See Annual Vehicle License attached hereto as Exhibit "B" and incorporated by reference herein).

21. On or about July 6, 2023, Plaintiff took the Annual Vehicle License and approved route (route that TAC unanimously approved minus one block of Central Ave) to City Clerk, HARMONEY MORRISEY. However, Defendant, HARMONY MORRISEY, informed Plaintiff that his permit was void and that he would have to start the entire process over from scratch because one block had been removed from his TAC approved downtown route.

22. On or about July 6, 2023, following Plaintiff's trip to her office, Defendant, HARMONEY MORRISEY, sent an e-mail to Defendant, LANA KELLY, and several other city officials informing them that Plaintiff had submitted an amended application and recited the minutes of the September 18, 2019, TAC meeting that approved Plaintiff's Downtown and Greenway tour routs,

but MORRISEY edited the minutes to make it appear that the Downtown route's approval was conditioned upon the Park and Trails Committee's approval of the Greenway tour route and on ARDOT's approval of the Central Avenue portion of the tour. MORRISEY went on to falsely state that Plaintiff's application had not been approved.

23. On or about July 7, 2023, Plaintiff appeared before the Hot Springs Board of Directors and presented them with the TAC approved Downtown tour route minus one block of Central Avenue. Plaintiff did so, because Defendant, LANA KELLY, had informed him that he was approved to operate as soon as he obtained ARDOT approval to operate on Central Avenue. Accordingly, Plaintiff deleted the portion of the TAC approved route that included Central Avenue and requested permission to operate the remainder of the TAC approved route. The Board of Directors ignored Plaintiff's request.

24. On or about July 8, 2020, Defendant, HARMONY MORRISEY, sent an e-mail to Defendant, JAMES ERIK STOCKWELL, soliciting safety concerns and issues to use against Plaintiff at the upcoming TAC Committee meeting.

25. On or about July 12, 2020, Defendant, ERIC JAMES STOCKWELL, replied to HARMONEY MORRISEY e-mail and voiced a plethora of safety concerns that were not included on Plaintiff's Annual Vehicle License and, instead

of limiting said safety concerns to Central Avenue, as he did on the License itself, STOCKWELL modified his concern to include almost every street in the city.

26. On or about July 13, 2020, Plaintiff was given various e-mails by and between the Defendants hereto and various city officials and finally began to piece together what had transpired concerning the application process.

27. On or about July 15, 2020, Plaintiff received an e-mail from Mark Headley with ARDOT stating that ARDOT lacked the authority to approve or disapprove the operation of Bubbles on Central Avenue, but Mr. Headley went on to indicate that, if the vehicle could legally be operated on any roadway in the state, then it should be allowed to operate on Central Avenue as well.

28. On or about July 15, 2020, Defendant, HARMONEY MORRISEY, sent Plaintiff a letter notifying him of a July 24, 2020, TAC hearing to consider Plaintiff's request for a "Specialty Transportation Permit or Sightseeing Permit." Please note, Plaintiff did not request a hearing and consistently took the position that he was already approved on September 18, 2019, for a Specialty Transportation Permit. Also, Bubbles is a Specialty Transit Vehicle and does not fall under the purview of a Sightseeing vehicle as vehicles must be classified as one category or the other pursuant to Hot Springs City Ordinance § 13-1-14(g)..

29. On or about July 21, 2020, Plaintiff sent his agent to attend another meeting of the Hot Springs Board of Directors and she presented them with the e-

mail from ARDOT approving Bubbles for operation on Central Avenue, and again requested permission to begin operations. The Hot Springs Board of Directors ignored Plaintiff's request.

30. On or about July 24, 2020, TAC held a forced re-hearing of Plaintiff's "amended application" and denied Plaintiff's "amended application".

31. Plaintiff did not attend the July 24, 2020, TAC hearing because his application was previously unanimously approved on September 18, 2019, Plaintiff did not submit an "amended application", and Plaintiff did not request a hearing.

32. On or about July 27, 2020, Plaintiff received a letter from Defendant, HARMONY MORRISSEY, stating that his prior permit approval dated September 18, 2019, was being revoked and that he was being denied a permit. In the letter, Defendant, MORRISSEY, refers to Bubbles as "Specialty Transit and Sightseeing", when Bubbles clearly qualifies as a Specialty Transit vehicle under Hot Springs City Ordinances. Upon information and belief, MORRISSEY added the "Sightseeing" class to retroactively justify the ARDOT approval requirement, the Central Avenue speed ban, and the various other requirements the CITY OF HOT SPRINGS imposed on Plaintiff that Bubbles was exempt from as a Specialty Transit vehicle.

33. On or about August 1, 2020, Plaintiff ultimately discovered that, because Bubbles was categorized as a Specialty Transit Vehicle pursuant to Hot

Springs City Ordinance § 13-1-3(u), Bubbles is exempt from Hot Springs Article II requirements, codified at § 13-1-11, including the speed and passability requirements, and Bubbles is also exempt from requiring Board of Directors approval pursuant to § 13-1-13(a). Moreover, according to Mark Headley's July 15, 2020, e-mail, ARDOT lacked the authority to approve Bubbles for operation on Central Avenue. Finally, Bubbles cannot be classified as Specialty Transit and Sightseeing as HARMONEY MORRISEY stated in her July 27, 2020, letter, because Hot Spring Ordinance § 313-1-14(g) prohibits dual classifications.

34. On or about August 1, 2020, Plaintiff also discovered that routes can be amended without the necessity of completing an entirely new application and beginning the permitting process anew. That is, Hot Spring City Ordinance § 13-1-13(g) only requires permit holders to update the information in their original application yearly upon payment of their annual permit fee, and said modification does not require additional hearings, TAC approval, or Board of Directors approval.

35. Upon information and belief, Defendants did not require the other Specialty Transit vehicles, previously and/or currently operating within the city, to obtain ARDOT approval prior to issuance of their permits.

36. Upon information and belief, Defendants did not impose the Article II requirements, codified at Hot Spring City Ordinance § 13-1-11, upon the other Specialty Transit vehicles previously and/or currently operating within the city.

37. Upon information and belief, Defendants did not require any of the other Specialty Transit vehicles, previously and/or currently operating within the city, that made amendments to their routes to amend their applications and start the permitting process over from scratch.

38. Upon information and belief, Defendants did not revoke any of the other Specialty Transit vehicles', previously and/or currently operating in the city, prior TAC committee approvals, nor did they modify any of their passed vehicle inspections to failed.

## IV. CAUSES OF ACTION

### *A. Violation of Plaintiff's Right to Equal Protection Under the 14th Amendment of the US Constitution, Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, and in Violation of 42 U.S. Code § 1983*

39. Plaintiff hereby incorporates and realleges the facts and allegations contained in Paragraphs 1 through 38 *supra* as if same were set out word for word herein.

40. The 14th Amendment to the U.S. Constitution and Article 2 §§ 2 and 3 of the Arkansas Constitution, imposed upon Defendants a duty to treat Plaintiff in the same manner as other similarly situated individuals and to govern impartially.

41. Defendants violated Plaintiff's right to equal protection by treating him disparately from other similarly situated individuals, e.g. other Specialty Transit vehicles that previously and/or currently operate within the CITY OF HOT SPRINGS.

42. More specifically, Defendants treated Plaintiff disparately in the following ways:

a) By requiring Plaintiff to obtain ARDOT approval;

b) By revoking Plaintiff's September 18, 2019, TAC approval;

c) By imposing Article II Requirements on Plaintiff when he was exempt;

d) By voiding Plaintiff's permit when he deleted Central Ave. from his TAC approved route and by treating said amended route as a new application;

e) By amending Plaintiff's vehicle inspection from pass to fail after the fact; and

f) By refusing to allow Plaintiff to operate after he obtained TAC approval, passed his vehicle inspection, and obtained an Annual Vehicle License.

43. Upon information and belief, there was no rational basis for Defendants' disparate treatment of Plaintiff.

44. Upon information and belief, Defendants acted jointly to deprive Plaintiff of his rights and did so in their official capacities as officers, employees, and/or officials of the CITY OF HOT SPRINGS.

45. Defendants' violations of Plaintiff's civil rights both directly and proximately caused Plaintiff to incur damages as set forth more fully in the Damages Section below.

***B. Violation of Plaintiff's Right to Due Process***

46. Plaintiff hereby incorporates and realleges the facts and allegations contained in Paragraphs 1 through 45 *supra* as if same were set out word for word herein.

47. The 14th Amendment of the U.S. Constitution and Article II § 8 of the Arkansas Constitution prohibit Defendants from depriving Plaintiff of his life, liberty, and/or property without due process of the law.

48. Upon information and belief, once Plaintiff obtained TAC committee approval of his Downtown route, passed his vehicle inspection, and was granted an Annual Vehicle License, he should have been free to operate his Specialty Transit Vehicle in the CITY OF HOT SPRINGS and earn a living.

49. By mischaracterizing the minutes of the TAC Committee, revoking Plaintiff's September 18, 2019, TAC approval, retroactively changing his vehicle inspection from pass to fail, and by forcing Plaintiff to begin the entire application process anew, Defendants deprived Plaintiff of a property right without due process of law.

50. Upon information and belief, Defendants operated jointly with one

another and under color of their authority as city officers/officials/employees to deprive Plaintiff of his right to due process.

51. Due to Defendants' violation of Plaintiff's right to due process, Plaintiff was directly and proximately damaged as more fully set out in the damages section below.

### *C. Gross Negligence*

52. Plaintiff hereby incorporates and realleges the facts and allegations contained in Paragraphs 1 through 51 *supra* as if set out word for word herein.

53. Defendants owed Plaintiff a number of duties during the application process at issue, including but not limited to the following:

a) A duty to know the laws, regulations, and ordinances they enforce;

b) A duty to apply those laws, regulations, and ordinances equally;

c) A duty to not to discriminate against Plaintiff;

d) A duty of care;

e) A duty of loyalty and impartiality;

f) A duty of accountability; and

g) A duty to act in the public good.

54. Defendants breached the above duties to Plaintiff as follows:

a) By either not knowing the laws, regulations, and ordinances at issue, or by intentionally ignoring the provisions thereof;

b) By not applying the laws, regulations, and ordinances equally;

c) By discriminating against Plaintiff and by treating him disparately;

d) By handling Plaintiff's application process recklessly and carelessly and by placing arbitrary unobtainable requirements upon Plaintiff;

e) By intentionally or recklessly mischaracterizing the September 18, 2019, vote of the TAC Committee approving Plaintiff's application;

f) By attempting to change Plaintiff's vehicle classification after the fact;

g) By unjustifiably revoking Plaintiff's initially granted permit to operate and by treating Plaintiff's amended route as a new application; and

h) By intentionally or recklessly changing Plaintiff's vehicle inspection from pass to fail.

55. Defendants either intentionally breached their duties to Plaintiff or acted with such a reckless disregard to said duties that intent should be inferred.

56. As both a direct and proximate result of Defendants breaches of duty, Plaintiff was harmed and incurred damages as more fully setout in the Damages Section below. The damages Plaintiff incurred were a foreseeable consequence of Defendants failures to uphold their duties to Plaintiff.

## V. DAMAGES & REQUESTED RELIEF

57. Plaintiff hereby incorporates and realleges the facts and allegations contained in Paragraphs 1 through 56 *supra* as if set out word for word herein.

58. As both a direct and proximate results of Defendants violations of Plaintiff's right to equal protection, right to due process, and their gross negligence, Plaintiff has been damaged as follows:

a) Upon receiving TAC approval on September 18, 2019, Plaintiff expended in excess of $80,000.00 purchasing equipment, building a structure to house Bubbles, purchasing supplies, and getting his business ready to operate.

b) Plaintiff has experienced in excess of $800,000.00 in lost income, and said figure continues to increase each day;

c) Plaintiff has experienced mental anguish, humiliation, and harm to his reputation; and

d) Plaintiff has incurred attorney fees and litigation costs.

59. Furthermore, Defendants conduct that harmed Plaintiff was malicious, oppressive, or in reckless disregard of Plaintiff's rights. As such, Plaintiff is seeking punitive damages in an amount to be determined by a jury of his peers up to ten times the amount of compensatory damages awarded.

60. Plaintiff seeks a judgment against Defendants, jointly and severally, for the compensatory and punitive damages set out above, for his costs and attorney fees incurred herein, and for all other just and proper relief to which he may be entitled.

## VI. JURY DEMAND

61. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DAVID SYDNOR, respectfully prays that he be

granted the relief requested herein; that a judgement be entered against the Defendants, jointly and severally, for the compensatory damages he has suffered; that he be awarded punitive damages as a result of Defendants malicious and oppressive conduct in reckless disregard of Plaintiff's rights; that he be awarded his costs and attorney fees incurred herein; and for all other just and proper relief to which Plaintiff may be entitled at law or equity.

Dated: July 6, 2023

Respectfully submitted,

DAVID SYDNOR, Plaintiff
THE GRAHAM LAW FIRM, his attorneys

/s/ James Lucas Graham

By: James Lucas Graham
Ark. Bar No. 2008229
30514 Hwy 67
Malvern, AR 72104
(501) 351-6373 (Office)
jlukegraham@gmail.com

STATE OF ARKANSAS )
) SS. VERIFICATION
COUNTY OF INDEPENDENCE )

I, DAVID SYDNOR, of lawful age, having been first duly sworn, on oath states: that I am the Plaintiff in the above case; that I have read the foregoing Complaint and that the facts and statements contained and set forth therein are true and correct to the best of my information, knowledge and belief.

DAVID SYDNOR

SUBSCRIBED AND SWORN before the undersigned Notary Public this 5th day of July, 2023.

Notary Public

MY COMMISSION EXPIRES:

CHARITY ANNE GRAHAM
Notary Public - Arkansas
Independence County
Commission # 12712730
My Commission Expires Jan 4, 2030