**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**DAVID SYDNOR** **PLAINTIFF**

**v.** **6:23-CV-06081-SOH**

**CITY OF HOT SPRINGS,**
**ARKANSAS HARMONY**
**MORRISSEY, CITY CLERK**
**Officially & Individually**
**LT. JAMES ERIC STOCKWELL,**
**Officially & Individually**
**LANA KELLY, INTRACITY**
**TRANSIT MANAGER,**
**Officially and Individually** **DEFENDANTS**

# ANSWER

COME NOW Defendants, Harmony Morrissey[1], Lt. James Eric Stockwell, and Lana Kelly, each in their individual and official capacities, and the City of Hot Springs, Arkansas, by and through undersigned counsel, Gabrielle Gibson, and for their Answer, state as follow:

1. Defendants are without sufficient memory, knowledge, or information to admit or deny each and every material averment contained in paragraph one (1); therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

2. Defendants admit each and every averment contained in paragraph two (2). Defendants specifically deny any and all wrongdoing alleged.

3. Defendants admit each and every averment contained in paragraph three (3). Defendants specifically deny any and all wrongdoing alleged.

[1] Ms. Morrissey's name is spelled incorrectly in the Complaint. This is the correct spelling.

4. Defendants deny the basis and characterization of each and every averment contained in paragraph four (4). Pleading further, Defendants admit Lt. James Eric Stockwell was employed by the City of Hot Springs as a Sergeant with the Hot Springs Police Department at the time of the incident that is the subject of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

5. Defendants deny the basis and characterization of each and every averment contained in paragraph five (5). Pleading further, Defendants admit that Lana Kelly was employed by the City of Hot Springs as the office manager for the Intracity Transit Department. Defendants specifically deny any and all wrongdoing alleged.

6. The allegations contained in paragraph six (6) are legal in nature and therefore, do not require a response as the law speaks for itself. To the extent that a response is required, the same is denied. Defendants specifically deny any and all wrongdoing alleged.

7. Paragraph seven (7) of Plaintiff's Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, Defendants deny same. Defendants specifically deny any and all wrongdoing alleged.

8. Paragraph eight (8) of Plaintiff's Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, Defendants deny same. Defendants specifically deny any and all wrongdoing alleged.

9. Defendants are without sufficient memory, knowledge, or information to admit or deny each and every material averment contained in paragraph nine (9); therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

10. Defendants deny each and every material averment contained in paragraph ten (10).

11. Defendants deny each and every material averment contained in paragraph eleven (11).

12. Defendants deny each and every material averment contained in paragraph twelve (12); therefore, it is denied. Pleading further, the correct name is the Transportation Advisory Committee ("TAC").

13. Defendants deny each and every material averment contained in paragraph thirteen (13).

14. Defendants deny each and every material averment contained in paragraph fourteen (14).

15. Defendants deny each and every material averment contained in paragraph fifteen (15).

16. Defendants deny each and every material averment contained in paragraph sixteen (16).

17. Defendants admit two Hot Springs police officers conducted a vehicle inspection. Defendants admit the vehicle was missing a logo. Defendants deny the remaining averments contained in paragraph seventeen (17) of Plaintiff's Complaint. Defendants deny any and all wrongdoing alleged.

18. Defendants are without sufficient memory, knowledge, or information to admit or deny each and every remaining material averment contained in paragraph eighteen (18); therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

19. Defendants admit that Defendant Stockwell went to the residence to finalize the vehicle inspection and instructed Plaintiff that the vehicle needed a classification label. Defendants deny that Defendant Stockwell indicated the remainder of the downtown route was acceptable. Defendants deny the basis and characterization of the remaining allegations in paragraph nineteen (19). Defendants specifically deny any and all wrongdoing alleged.

20. Defendants admit that on June 30, 2020, a Hot Springs Police Officer went to the residence to complete the vehicle inspection. Defendants deny that an annual vehicle license was issued. Defendants deny the basis and characterization of each and every remaining material averment contained in paragraph twenty (20). Pleading further, the vehicle passed Section II of the vehicle inspection, which is only a portion of the requisite inspection. Defendants specifically deny any and all wrongdoing alleged.

21. Defendants deny each and every material averment contained in paragraph twenty-one (21).

22. Defendants deny each and every material averment contained in paragraph twenty-two (22).

23. Defendants deny each and every material averment contained in paragraph twenty-three (23).

24. Defendants deny each and every material averment contained in paragraph twenty-four (24).

25. Defendants admit Defendant Stockwell replied to Defendant Morrissey's email on July 12, 2020, and voiced safety concerns regarding the vehicle. Defendants

deny the remaining allegations in paragraph twenty-five (25). Defendants specifically deny any and all wrongdoing alleged.

26. Defendants are without sufficient memory, knowledge, or information to admit or deny each and every material averment contained in paragraph twenty-six (26); therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

27. Defendants are without sufficient memory, knowledge, or information to admit or deny each and every material averment contained in paragraph twenty-seven (27); therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

28. Defendants admit that on July 15, 2020, Defendant Morrissey sent Plaintiff a letter notifying him of a July 24, 2020, TAC meeting to consider Plaintiff's request for a "Specialty Transportation Permit or Sightseeing Permit." Defendants are without sufficient knowledge or information to admit or deny what Plaintiff believed and, therefore, must deny the remaining allegations in paragraph twenty-eight (28). Defendants specifically deny any and all wrongdoing alleged.

29. Defendants deny each and every material averment contained in paragraph twenty-nine (29).

30. Defendants deny the basis and characterization of the allegations contained in paragraph thirty (30). Pleading further, a TAC meeting was held on July 24, 2020. The TAC denied providing a recommendation of approval to the Board of Directors for a permit. Defendants specifically deny any and all wrongdoing alleged.

31. Defendants admit Plaintiff did not attend the July 24, 2020, TAC meeting. Defendants admit that Plaintiff did not request said meeting. Defendants deny the

remaining allegations contained in paragraph thirty-one (31). Defendants specifically deny any and all wrongdoing alleged.

32. Defendants admit that Plaintiff received a letter from Defendant Morrissey on or about July 27, 2020. Pleading further, the averments contained within paragraph thirty-two (32) of the Complaint regarding the content of said letter are a mischaracterization of its content, and therefore Defendants deny the remaining allegations contained in paragraph thirty-two (32). Defendants specifically deny any and all wrongdoing alleged.

33. Defendants admit that dual classifications are prohibited. Defendants are without sufficient memory, knowledge, or information to admit or deny the contents of Mark Headley's email. Defendants deny the remaining allegations in paragraph thirty-three (33). Defendants specifically deny any and all wrongdoing alleged.

34. Defendants deny each and every material averment contained in paragraph thirty-four (34).

35. Defendants deny the basis and characterization of the allegations contained in paragraph thirty-five (35). Pleading further, Bubbles was not determined to be a Specialty Transit Vehicle. Defendants specifically deny any and all wrongdoing alleged.

36. Defendants deny the basis and characterization of the allegations contained in paragraph thirty-six (36). Pleading further, Bubbles was not determined to be a Specialty Transit Vehicle. Defendants specifically deny any and all wrongdoing alleged.

37. Defendants deny the basis and characterization of the allegations contained in paragraph thirty-seven (37). Pleading further, Bubbles was not determined to be a Specialty Transit Vehicle. Defendants specifically deny any and all wrongdoing alleged.

38. Defendants deny the basis and characterization of the allegations contained in paragraph thirty-eight (38). Pleading further, Bubbles was not determined to be a Specialty Transit Vehicle, and the TAC does not provide approval; it may provide a recommendation of approval to the Board of Directors. Defendants specifically deny any and all wrongdoing alleged.

39. Paragraph thirty-nine (39) restates allegations made in paragraphs 1-38. Defendants hereby incorporate their responses to said paragraphs as if set forth word for word.

40. The allegations contained in paragraph forty (40) are legal in nature and therefore, do not require a response as the law speaks for itself. To the extent that a response is required, the same is denied.

41. Defendants deny each and every material averment contained in paragraph forty-one (41).

42. Defendants deny each and every material averment, including subset a – f, contained in paragraph forty-two (42).

43. Defendants deny each and every material averment contained in paragraph forty-three (43).

44. Defendants deny each and every material averment contained in paragraph forty-four (44).

45. Defendants deny each and every material averment contained in paragraph forty-five (45).

46. Paragraph forty-six (46) restates allegations made in paragraphs 1-45. Defendants hereby incorporate their responses to said paragraphs as if set forth word for word.

47. The allegations contained in paragraph forty-seven (47) are legal in nature and therefore, do not require a response as the law speaks for itself. To the extent that a response is required, the same is denied.

48. Defendants deny each and every material averment contained in paragraph forty-eight (48).

49. Defendants deny each and every material averment contained in paragraph forty-nine (49).

50. Defendants deny each and every material averment contained in paragraph fifty (50).

51. Defendants deny each and every material averment contained in paragraph fifty-one (51).

52. Paragraph fifty-two (52) restates allegations made in paragraphs 1-51. Defendants hereby incorporate their responses to said paragraphs as if set forth word for word.

53. The allegations, including subset a – g, contained in paragraph fifty-three (53) are legal in nature and therefore, do not require a response as the law speaks for itself. To the extent that a response is required, the same is denied.

54. Defendants deny each and every material averment, contained in paragraph fifty-four (54), including subset a - h.

55. Defendants deny each and every material averment contained in paragraph fifty-five (55).

56. Defendants deny each and every material averment contained in paragraph fifty-six (56).

57. Paragraph fifty-seven (57) restates allegations made in paragraphs 1-56. Defendants hereby incorporate their responses to said paragraphs as if set forth word for word.

58. Defendants deny each and every material averment, contained in paragraph fifty-eight (58), including subset a - d.

59. Defendants deny each and every material averment contained in paragraph fifty-nine (59).

60. Defendants deny that Plaintiff is entitled to any relief whatsoever.

61. Defendants join Plaintiff and request trial by jury on any material facts remaining at the time of trial.

62. Defendants deny each and every material averment contained in the WHEREFORE clause of the Plaintiff's Complaint. Defendants deny that Plaintiff is entitled to any relief whatsoever. Defendants deny Plaintiff's attorney is entitled to any relief whatsoever. Defendants specifically deny any and all allegations of wrongdoing.

## AFFIRMATIVE DEFENSES

1. The allegations in the Complaint fail to state facts or a claim upon which relief may be granted.

2. Defendants are entitled to tort and qualified immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to, Ark. Code Ann. § 21-9-301. *See Exhibit 1, Affidavit of Bill Burrough.*

3. Punitive damages are not recoverable against a municipality as a matter of law.

4. Defendants assert that no violation of Plaintiffs' rights occurred.

5. To the extent applicable, Plaintiff failed to exhaust his administrative remedies or satisfactory prerequisites to this action.

6. To the extent applicable, Defendants assert the defense of laches, waiver, and the applicable statute of limitations.

7. Defendants assert that Plaintiff's alleged damages did not occur as a result of a City of Hot Springs policy, practice, or custom.

8. Defendants assert that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

9. Defendants reserve the right to amend or supplement this pleading as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint against them with prejudice, and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

**DEFENDANTS**

By: /s/ Gabrielle Gibson
Gabrielle Gibson, Bar No. 2018113
Attorney at Law

P.O. Box 38
North Little Rock, AR 72115
Tel 501-537-3783
Fax: 501-537-7258
Email: ggibson@arml.org