IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID SYDNOR                                                                   PLAINTIFF

v.                                       Case No. 6:23-cv-6081

CITY OF HOT SPRINGS,
ARKANSAS, *et al.*                                                  DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed February 4, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 32. Defendants have filed objections. ECF No. 33. The matter is ripe for consideration by the Court.

**I. BACKGROUND**

Judge Bryant made the following factual findings in his Report and Recommendation. ECF No. 32. Plaintiff David Sydnor purchased a 14-seat electric bicycle for providing tours and refreshments throughout the city of Hot Springs, Arkansas. Plaintiff sought to obtain the proper permits to operate the bike on the streets of Hot Springs. Plaintiff alleges that he was denied a transportation permit from the City of Hot Springs. Plaintiff filed the instant lawsuit, in which he asserts a Fourteenth Amendment equal protection claim and due process claim under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that he has a property right in obtaining a transportation permit, he was denied this right, and he was treated differently than similarly situated persons. Plaintiff also asserts a negligence claim.

Defendants argue that they are entitled to summary judgment on Plaintiff's claims. Defendants contend that because the City of Hot Springs Board of Directors ("Board") never

considered Plaintiff's application, never rendered a final administrative decision, and never denied Plaintiff a transportation permit, he has not suffered an injury-in-fact and has no standing to sue. Plaintiff, however, argues that Defendants' actions prevented him from completing the application process for obtaining a permit to operate his 14-seat bicycle and that these actions violated his rights to equal protection and due process. Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 18) be denied because there are genuine issues of material fact in dispute as to whether Plaintiff lacks standing to pursue his claims.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting a de novo review of those portions of the report and recommendation which are the subject of objections, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).

The issue before the Court is whether Defendant is entitled to summary judgment. "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted).  A fact is material only when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the

evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. The Court conducts its de novo review of the objections to the Report and Recommendation with this standard in mind.

### III. DISCUSSION

In the Report and Recommendations (ECF No. 32), Judge Bryant concluded that, considering the facts in the light most favorable to Plaintiff, material issues of material fact are in dispute which prevents the Court from deciding whether Plaintiff has standing to bring his claims. Judge Bryant found that Defendants offer evidence that the City of Hot Springs Board of Directors did not render any decision on Plaintiff's permit request. ECF No. 18-1. On the other hand, Judge Bryant found that Plaintiff offers evidence that Defendants' actions prevented him from completing the application process of obtaining a permit to operate his 14-passenger bicycle. ECF Nos. 18-1, 26. The Court agrees with Judge Bryant's findings and his recommendation.

Defendants do not specifically object to Judge Bryant's findings. Instead, Defendants ask the Court to allow them "to continue with discovery and file a subsequent dispositive motion on

all remaining issues in this case, which involve the merits of Plaintiff's claims." ECF No. 33, p. 3. The Court will do so.

On June 28, 2024, the Court entered an order granting the joint motion to continue this case. ECF No. 30. The order lifted all deadlines in the final scheduling order and stated that the Court would issue another scheduling order in this case. The Court intends to issue a final scheduling order with new pretrial deadlines, including a deadline for completing discovery and a deadline for filing dispositive motions. Thus, the parties will have the opportunity to continue with discovery and file pretrial motions, including a motion for summary judgment.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation (ECF No. 32), and for the reasons discussed above, the Court finds that Defendants have offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Defendants' objections (ECF No. 33) and adopts the Report and Recommendation (ECF No. 32) *in toto*. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge