US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

SEP 28 2026

Mistee Aaron
By ______________
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF ARKANSAS**

**HOT SPRINGS DIVISION**

| | |
|---|---|
| **DAVID SYDNOR, Plaintiff, v. CITY OF HOT SPRINGS, ARKANSAS; LANA KELLY; HARMONY MORRISEY; and LT. JAMES ERIC STOCKWELL, Defendants.** | **Case No. 6:23-cv-06081** |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)**

Plaintiff David Sydnor, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Judgment entered on August 31, 2026 (Doc. No. 56), which granted Defendants' Motion for Summary Judgment (Doc. No. 40). This Motion is timely filed within 28 days of the entry of Judgment. *See* Fed. R. Civ. P. 59(e).

As set forth in the accompanying Brief the judgment rests on manifest errors of law and fact that require correction under Rule59(e). Specifically:

1. The Court resolved the **Equal Protection "similarly situated" dispute** in Defendants' favor despite record evidence supporting Plaintiff's comparators, contrary to Anderson v. Liberty Lobby and Tolan v. Cotton.

2. The Court resolved the **Procedural Due Process property-interest dispute** in Defendants' favor even after expressly acknowledging that Plaintiff's interpretation of the TAC vote was a triable factual issue.

3. The Court dismissed Plaintiff's **Arkansas Civil Rights Act (ACRA)** claims without conducting any independent state-law analysis, contrary to Arkansas statutory text and federal obligations when applying state law.

4. The Court committed **clear error under Local Rule 56.1** by treating disputed facts as undisputed solely because Plaintiff's Statement of Facts was not formatted in the precise structure contemplated by the Rule.

These errors, individually and collectively, produced a **manifest injustice** warranting relief under Rule 59(e).

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(E)**

## I. INTRODUCTION

This case concerns Plaintiff's multi-year effort to obtain a transportation permit to operate "Bubbles," a 15-passenger electric pedal pub vehicle, in downtown Hot Springs. Plaintiff invested approximately $80,000 in the vehicle, infrastructure, and permitting process. The Transportation Advisory Committee (TAC) unanimously voted to recommend approval of Plaintiff's downtown route — a fact the Court expressly assumed to be true for summary judgment purposes. Doc. 56, p. 4.

City officials then represented in writing that Plaintiff needed only to provide certain items to "finish up" the permit. ECF 25-11, p. 1. Despite these representations and the assumed-true TAC vote, the Court granted summary judgment on all constitutional claims, resolving factual disputes in Defendants' favor and declining to conduct any independent analysis of Plaintiff's state-law civil rights claims.

Rule 59(e) exists to correct precisely this type of error: where a judgment rests on factual determinations that should have been left to a jury, or on legal conclusions reached without applying the correct standard.

## II. LEGAL STANDARD — RULE 59(e)

Rule 59(e) permits a party to move to alter or amend a judgment within 28 days of its entry. Relief is appropriate where the Court committed:

1. **Manifest error of law**
2. **Manifest error of fact**
3. **Newly discovered evidence**
4. **Manifest injustice**

United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).

At summary judgment, courts must credit the non-movant's evidence, draw all reasonable inferences in the non-movant's favor, and refrain from resolving factual disputes. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986); Tolan v. Cotton, 572 U.S. 650, 656–60 (2014).

The Judgment here departed from these standards.

## III. ARGUMENT

### A. The Court Committed Manifest Error by Resolving the Equal Protection "Similarly Situated" Dispute in Defendants' Favor

#### 1. The Court made factual findings reserved for a jury.

Plaintiff's equal protection claim rests on the "class of one" theory, requiring proof that similarly situated individuals were treated differently without rational basis. Plaintiff identified JJ's Pedicabs and horse-drawn carriages as comparators. Doc. 56, pp. 18–19.

The Court rejected these comparators based solely on physical differences — weight, width, and passenger capacity — despite acknowledging that these vehicles operate on the same downtown route and were subject to the same permitting framework.

Whether two entities are "similarly situated in all relevant respects" is a **fact question**, and the record contains evidence supporting Plaintiff's comparators. The Court's decision to weigh physical differences and deem them dispositive constitutes impermissible fact-finding under Anderson and Tolan.

**2. The Court ignored the process-based nature of Plaintiff's claim.**

Plaintiff's equal protection theory is not based on vehicle characteristics; it is based on **process differences**:

- Only Plaintiff was required to seek ARDOT approval.
- Only Plaintiff was required to appear twice before the TAC.
- Only Plaintiff's application triggered law-enforcement safety solicitations.

The Court acknowledged these differences but dismissed the claim without analyzing whether a reasonable jury could find that these process disparities — standing alone — constituted unequal treatment of similarly situated applicants.

This is manifest error.

**3. Plaintiff presented evidence of animus sufficient to survive rational basis review.**

The Court concluded Plaintiff failed to negate rational bases for the City's conduct. But Plaintiff presented evidence of animus, which the Court itself acknowledged. Doc. 56, p. 9.

Where animus evidence exists, summary judgment is improper. A jury must weigh whether the City's stated rationales were genuine or pretextual.

**B. The Court Committed Manifest Error by Resolving the Procedural Due Process Property-Interest Dispute in Defendants' Favor**

**1. The Court acknowledged a triable factual dispute, then disregarded it.**

The TAC unanimously voted to recommend approval of Plaintiff's downtown route. Doc. 56, p. 4. The Court expressly assumed Plaintiff's interpretation of the vote was true.

Yet the Court still concluded Plaintiff lacked a legitimate claim of entitlement to the permit.

This is internally inconsistent. If the TAC vote is assumed to be a recommendation for approval, it is evidence supporting a property interest under Stauch v. City of Columbia Heights, 212 F.3d 425 (8th Cir. 2000).

**2. The Kelly email creates a genuine dispute of material fact.**

Defendant Kelly emailed Plaintiff's business partner stating:

"Attached is a list of the information we need to **finish up your permit**." (ECF 25-11, p. 1)

A reasonable jury could interpret "finish up your permit" as a representation that approval was forthcoming upon submission of the listed items.

The Court resolved this interpretive dispute in Defendants' favor. That is impermissible at summary judgment.

**C. The Court Committed Manifest Error of Law by Dismissing ACRA Claims Without Independent State-Law Analysis**

The Court dismissed Plaintiff's ACRA claims solely because "the parties do not argue" that separate analysis was required. Doc. 56, p. 21.

But Arkansas law provides:

"The courts of this state **may** look to federal law for guidance." Ark. Code Ann. § 16-123-105(c) (emphasis added)

"May" is permissive, not mandatory. The Court was required to conduct an independent state-law analysis regardless of the parties' briefing choices.

A federal court cannot decline to apply the correct legal standard simply because neither party raised it. This is manifest error of law.

**D. The Court Committed Clear Error Under Local Rule 56.1**

The Court concluded Plaintiff "did not file" the required Local Rule 56.1 statement. But Plaintiff **did** file a Statement of Facts identifying disputed issues, and the Court acknowledged receiving it.

The Court stated it "attempted to ascertain" disputed facts but ultimately treated several contested facts as undisputed.

A formatting deficiency does not permit a court to disregard plainly identified factual disputes. Treating disputed facts as undisputed is clear error under Anderson and Tolan.

**E. The Combined Errors Produce Manifest Injustice**

Plaintiff invested substantial resources and relied on City representations and a unanimous TAC vote. Yet his claims were dismissed without a jury ever hearing his evidence — based on factual determinations the Court was not permitted to make and on legal standards the Court did not apply.

This is the definition of manifest injustice.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Grant this Motion;
2. Vacate or alter the August 31, 2026 Judgment (Doc. 56);
3. Deny Defendants' Motion for Summary Judgment (Doc. 40) in whole or in part; and
4. Grant such further relief as the Court deems just and proper.

Dated: September 24, 2026

Respectfully submitted,

**David Sydnor, Pro Se Plaintiff**
215 Oak Street
Hot Springs, AR 71901
Telephone: 501-293-4963
Email: centralbaptist1035@att.net

---

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I served a true and correct copy of the foregoing Motion in Support upon counsel for Defendants by depositing the same in the United States mail, first-class postage prepaid, addressed to:

Gabrielle Gibson, Bar No. 2018113
Arkansas Municipal League
301 W. 2nd Street
North Little Rock, AR 72115

**David Sydnor**, Pro Se Plaintiff