**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**DAVID SYDNOR** **PLAINTIFF**

**v.** **Case No. 6:23-CV-06081-SOH**

**CITY OF HOT SPRINGS, ARKANSAS;**
**HARMONY MORRISEY, CITY CLERK,**
**Officially & Individually;**
**LT. JAMES ERIC STOCKWELL,**
**Officially & Individually;**
**LANA KELLY, INTRACITY TRANSIT**
**MANAGER, Officially and Individually** **DEFENDANTS**

**RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

COME NOW, Defendants, by and through undersigned counsel, Gabrielle Gibson, and for their Response to Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), state as follows:

## INTRODUCTION

On August 31, 2026, the Court entered a Memorandum Opinion and Judgment granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's claims. **ECF Docs. 56, 57.** On September 28, 2026, Plaintiff filed his Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and Introductory Argument of Specifics exhibit. **ECF Docs. 58, 58-1.**

In his motion and exhibit, Plaintiff asserts that the Court misapplied the law governing Equal Protection and procedural Due Process claims, failed to conduct an independent Arkansas Civil Rights Act ("ACRA") analysis, and misapplied Local Rule 56.1. However, Plaintiff identifies no newly discovered evidence, no intervening change

in controlling law, and no manifest error of law or fact. His motion merely repackages arguments the Court already considered and rejected on summary judgment. Rule 59(e) does not permit a disappointed litigant to re-argue the merits of his claims. *See* Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion should be denied, and the judgment entered on August 31, 2026, granting summary judgment to Defendants should stand.

## **LEGAL STANDARD**

A party may file a motion to alter or amend a judgment within twenty-eight days of the entry of the judgment. *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1111 (8th Cir. 2017); Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (cleaned up). The Eighth Circuit has consistently treated Rule 59(e) as a narrow remedy. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407,414 (8th Cir. 1988). In this context, "a Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the court entered final judgment." *Garner v. Arvin Indus. Inc.*, 77 F.3d 255, 258-59 (8th Cir. 1996) (cleaned up). Stated differently, a Rule 59(e) motion is neither an "opportunity to reargue facts and theories upon which a court has already ruled[,]" nor is it "an avenue for a losing party to raise new issues that could have been raised previously." *Eagle Fuels, LLC v. Perrin*, No. 10-00811-CV-W-SWH, 2014 WL 12601079 (W.D. Mo. Sept. 12, 2014) (cleaned up).

## ARGUMENT

Plaintiff's motion does not raise any argument that could not have been argued previously. Nearly all his arguments are coterminous with those of his Brief in Support of Response to Motion for Summary Judgment. ***See* ECF Doc. 49.** For the few remaining arguments, Plaintiff did not present them at summary judgment, despite Plaintiff having ample opportunity to do so. This alone is fatal to Plaintiff's motion. *See Banister v. Davis*, 590 U.S. 504, 508 (2020) ("In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued."). However, out of an abundance of caution, Defendants will address each of Plaintiff's contentions in turn.

### I. The Court committed no manifest error of law or fact when deciding Plaintiff's Equal Protection claim.

Plaintiff raises three points suggesting manifest error in the Court's determination as to his Equal Protection claims: (1) that the question of whether Bubbles was "similarly situated in all relevant aspects" to pedicabs and horse-drawn carriages was a question of fact that must be determined by jury, (2) that a jury could find that his treatment was not equal to similarly situated applicants, and (3) that where there is evidence of animus, a jury must weigh whether the City's stated rationales were genuine or pretextual. **ECF Doc. 58, at 3-4.**

For a "class of one" Equal Protection claim, the plaintiff must prove that he "has been intentionally treated differently from others similarly situated **and** that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (bold added). To be similarly situated in the context of a "class of one" claim requires that the plaintiff "show that [he] is virtually identical to [his]

comparators in all material respects." *Sanimax USA, LLC v. City of S. St. Paul*, 95 F.4th 551, 568 (8th Cir. 2024); see also, **ECF Doc. 56, at 18.**

Here, Plaintiff misapprehends the law. Plaintiff argues that "[w]hether two entities are 'similarly situated in all relevant respects' is a fact question[.]" **ECF Doc. 58, at 4.** This contention requires citation to authority, and Plaintiff provides none. Furthermore, even if this question is of the type that could be presented to a jury, no reasonable jury could believe that Plaintiff was "virtually identical to [his] comparators in all material respects," for all the reasons explained in this Court's Order. *Sanimax USA,* 95 F.4th at 568; **ECF Doc. 56, at 19; ECF Doc. 58, at 4 (acknowledging "weight, width, and passenger capacity" differences).**

Plaintiff argues that "a reasonable jury could find that [the] process disparities – standing alone – constituted unequal treatment of similarly situated applicants." **ECF Doc. 58, at 4.** Foremost, Plaintiff did not provide any evidence that he was similarly situated to other applicants. Unequal treatment, "standing alone," is not enough to satisfy the first prong under *Olech*; Plaintiff must show that he was similarly situated to other applicants who were treated differently, and he has not done so here. *See Olech*, 528 U.S. at 564.

Again, Plaintiff argues without citation that evidence of animus means that "[a] jury must weigh whether the City's stated rationales were genuine or pretextual." **ECF Doc. 58, at 4.** This is not the rule of *Olech* and its progeny, which have explicitly held that it is necessary for a plaintiff to show that "there is no rational basis for the difference in treatment." *Olech,* 528 U.S. at 564; see also, *Mensie v. City of Little Rock,* 917 F.3d 685, 692 (8th Cir. 2019).

## II. The Court committed no manifest error of law or fact when deciding Plaintiff's Due Process claim.

Plaintiff raises two points suggesting manifest error in the Court's dismissal of his Due Process claims: (1) That his TAC approval created a legitimate claim of entitlement to a permit, and (2) that a jury could find that Defendant Kelly's email could have created a legitimate claim of entitlement to a permit. **ECF Doc. 58, at 4.** These issues were fully discussed and addressed; therefore, they need not be readdressed here. **ECF Doc. 49, at 4 (TAC approval); ECF Doc. 56, at 12-13 (discussing discretionary nature of permit); ECF Doc. 49, at 4 (Kelly's email); ECF Doc. 56, at 14-15 (discussing Kelly's email).** Even if these could create triable issues of fact, a proposition for which Plaintiff can cite no authority, no reasonable jury could conclude that Plaintiff had any property interest in a permit that was discretionary. *See The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *McGuire v. Indep. Sch. Dist. No. 833*, 863 F.3d 1030, 1035 (8th Cir. 2017); *Hill v. Grp. Three Hous. Dev. Corp.*, 799 F.2d 385, 393 (8th Cir. 1986).

Furthermore, the single case cited by Plaintiff on this point, *Stauch v. City of Columbia Heights*, is distinguishable because in that case, the city lacked the discretion to deny the plaintiff's rental license renewal. 212 F.3d 425, 430 (8th Cir. 2000) ("Furthermore, we find that the licensing scheme which limits the City's discretion to deny renewal, creates a protectable property interest.") Here, the record evidence shows that there is no similar limitation on the City's discretion to deny Plaintiff a transportation permit; thus, he has no protectable property interest. **Doc. 42-12 at 6, 42, 26-27.**

## III. The Court committed no manifest error of law or fact when deciding Plaintiff's ACRA claims.

Plaintiff asserts that the permissive language of ACRA means that "[t]he Court was required to conduct an independent state-law analysis regardless of the parties' briefing choices." **ECF Doc. 58, at 6.** That is incorrect. As a threshold matter, Plaintiff made no mention of any differences in analysis between federal and ACRA claims in his Response to Defendants' Motion for Summary Judgment. **ECF Doc. 49, at 16.** Plaintiff's two sentences on the issue instead expressly relied on his arguments regarding his federal claims, conceding any possible argument on this point. ***Id.***

Moreover, according to the Arkansas Supreme Court, "the Arkansas Civil Rights Act instructs us to look to federal civil-rights law when interpreting the Act[.]" *Island v. Buena Vista Resort*, 352 Ark. 548, 557, 103 S.W.3d 671, 675-676 (2003); see also, *Hess v. Ables,* 714 F.3d 1048, 1054 (8th Cir. 2013) (No error when district court dismissed plaintiff's ACRA claims on the same basis as her Fourth and Fourteenth Amendment claims). Accordingly, the Court's denial of his ACRA claims for the same reasons as his federal claims was not a manifest error of law.

## IV. The Court committed no manifest errors of law or fact under Local Rule 56.1.

Plaintiff asserts that the Court "ultimately treated several contested facts as undisputed" due to Plaintiff's failure to file a statement of disputed facts under Local Rule 56.1. **ECF Doc. 58, at 6; ECF Doc. 56, at 1 n. 1.** Again, that is incorrect. The Court "attempted to ascertain which, if any, material facts are in dispute" despite Plaintiff's failure to abide by Local Rule 56.1. **ECF Doc. 56, at 1 n. 1.** Further, even on his second opportunity to do so, Plaintiff does not specifically point to any alleged

disputed fact. Courts "will not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments." *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006).

**V. The Court's Judgment did not create a manifest injustice.**

Plaintiff argues that because he "invested substantial resources and relied on City representations and a unanimous TAC vote[,]" he is entitled to a jury trial. **ECF Doc. 58, at 6.** "[A]s a rule, courts should be loathe to [revisit a judgment] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (cleaned up).

Plaintiff points to no cases in which "manifest injustice," standing alone without manifest error, new evidence, or a change in intervening law, has led a court to alter or amend a judgment. Rule 59(e) requires more than a request to try again. Plaintiff presents no new evidence unavailable at summary judgment, identifies no intervening precedent, and does not demonstrate any manifest error of law or fact. For this reason, the Judgment did not result in a manifest injustice that could be prevented by amending or altering the Judgment.

**VI. Plaintiff's exhibit adds nothing of substance to his motion to amend or alter the judgment.**

In addition to his Motion to Alter or Amend Judgment and Brief in Support, Plaintiff filed an exhibit entitled "AN INTRODUCTORY ARGUMENT OF SPECIFICS. THIS IS FOLLOWED BY SEPARATE FULL ARGUMENT FOR COURT REVERSAL OF THE COURTS DISMISSAL OF GREENWAYS CLAIMS AGAINST HOT SPRINGS." **ECF Doc. 58-1.** Defendants are unsure of the intended legal effect of this document. It

seems to be nothing more than a restatement of Plaintiff's previous arguments and is devoid of any new fact or legal authority. Thus, it cannot form the basis of altering or amending the Judgment.

## CONCLUSION

Plaintiff's Rule 59(e) Motion identifies no cognizable ground to alter or amend the Judgment. The Court correctly applied the summary judgment standard to an undisputed record demonstrating no protected entitlement, rational bases for the City's actions, Plaintiff's refusal to avail himself of provided process, and no disparate treatment of a similarly-situated comparator. For those reasons, Plaintiff's Motion to Alter or Amend Judgment should be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion to Alter or Amend the Judgment and grant Defendants any and all just and proper relief to which they may be entitled.

Respectfully submitted,

**DEFENDANTS**

By: Gabrielle Gibson, Bar No. 2018113
301 W. 2nd St.
North Little Rock, AR 72115
Tel 501-537-3783
Fax: 501-537-7258
Email: ggibson@arml.org

**CERTIFICATE OF SERVICE**

I, Gabrielle Gibson, hereby certify that on the 8th day of October 2026, that a true and correct copy of the above and foregoing was filed with the Clerk of Court *via* electronic filing and notice of the same will be served upon the following *via* FedEx.

David E. Sydnor
215 Oak Street
Hot Springs, Arkansas 71901

/s/ Gabrielle Gibson
Gabrielle Gibson, Bar No. 2018113